SMITH et al. v. HOCTOR.

(Supreme Court, Appellate Term. June 28, 1906.)

ATTORNEY AND CLIENT—COMPENSATION OF ATTORNEY—ACTION—EVIDENCE.

 In an action by attorneys for compensation for services in a cause, evidence *held* insufficient to show any malpractice by them sufficient to deprive them of their right to compensation.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Andrew J. Smith and another against John Hoctor. From a judgment in favor of defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Beyer & Weldon, for appellants.

James H. Geignan, for respondent.

GILDERSLEEVE, J. The defendant herein had a cause of action for personal injuries against one Kohn. He retained plaintiffs, a firm of lawyers, to prosecute the action. Plaintiffs had consultations about the case, prepared and served the summons and complaint, put the cause on the calendar, and made preparation for the trial. The said

defendant herein then pretended to find fault with the management of some of his other matters by plaintiffs, and got another lawyer substituted in place of these plaintiffs as his attorney in the Kohn Case. His real motive would seem to have been the expectation that he could make a better bargain as to his share of the recovery. The plaintiffs brought this action to recover the reasonable value of their services in the Kohn Case. The justice found for the defendant, on the theory, apparently, that plaintiffs could not recover on a quantum meruit, because they had been shown substantially guilty of malpractice. The plaintiffs appeal.

We think the judgment is against the evidence. It is true the gentleman who was substituted in place of plaintiffs in the Kohn Case expressed his opinion that plaintiffs' services were of no value, but an absolute detriment to defendant in his case against Kohn, which was subsequently settled for $600. The plaintiffs, however, showed what they had done, and brought a brother lawyer, who put a value of $250 upon their services to defendant. The dissatisfaction of defendant with plaintiffs was not founded upon any alleged misconduct of plaintiffs' in the Kohn Case, but, as we have seen, upon their alleged mismanagement of another matter, unconnected with the Kohn Case. Defendant, also, as we have above intimated, seems chiefly to have been actuated by the hope of getting the legal work done a little cheaper. We think on the whole case the ends of justice require a new trial.

Judgment reversed, and a new trial granted, with costs to appellants to abide the event.

McCALL, J., concurs; LEVENTRITT, J., in result.